**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

OYSTER HARBORS MARINE BUSINESS :
TRUST, as successor in interest to, :         2005 FEB -1  P 4: 05
OYSTER HARBORS MARINE, INC. :
    and :                                  U.S. DISTRICT COURT
HANOVER INSURANCE COMPANY, :                 DISTRICT OF MASS.
as subrogee of, RICHARD P. McCOY, :
    and :
GLENS FALLS INSURANCE COMPANY, :
as subrogee of, ALFRED & HELEN :
CALLAHAN, III :                   CIVIL ACTION NO.
            Plaintiffs, :
                               MAGISTRATE JUDGE _____

      v. :
                       :         RECEIPT # _____
CROSBY YACHT YARD, INC. :                     AMOUNT $_____
                       :         SUMMONS ISSUED ____
            Defendant. :          LOCAL RULE 4.1 ____
                       :         WAIVER FORM ____
                               MCF ISSUED ____
                               BY DPTY CLK _____
                               DATE 2/2/05

## COMPLAINT

Now comes the plaintiffs, Oyster Harbors Marine Business Trust as successor in interest

to, Oyster Harbors Marine, Inc., Hanover Insurance Company, as subrogee of, Richard P.

McCoy, and Glens Falls Insurance Company as subrogee of, Alfred and Helen Callahan, III,

h/w, by and through their attorneys, McDonough, Hacking & Lavoie, LLP and White and

Williams LLP hereby demand judgment against defendant, Crosby Yacht Yard, Inc., and in

support thereof assert the following:

## PARTIES

1.     Plaintiff, Oyster Harbors Marine Business Trust, as successor in interest to,

Oyster Harbors Marine, Inc., (hereinafter "Oyster Harbors Marine") is a business trust organized

and existing under the laws of the Commonwealth of Massachusetts with its principal place of

business located at 122 Bridge Street, Osterville, MA 02655.

2.      At all relevant times hereto, Plaintiff, Oyster Harbors Marine was engaged in the business of, *inter alia,* boat maintenance, repair and storage.

3.      Plaintiff, Hanover Insurance Company, as subrogee of, Richard P. McCoy (hereinafter "Hanover") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 440 Lincoln Street, Worcester, Massachusetts.

4.      At all times relevant hereto, Hanover was engaged in the business of insurance and insured personal property owned by its subrogor, Richard P. McCoy, a citizen of Windham, New Hampshire.

5.      Plaintiff, Glens Falls Insurance Company, (hereinafter "Glens Falls") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at CNA Plaza, Chicago, Illinois 60685.

6.      At all times relevant hereto, Glens Falls was engaged in the business of insurance and insured personal property owned by Alfred & Helen Callahan, III, h/w, citizens of Nashville, Tennessee.

7.      Upon information and belief, Defendant, Crosby Yacht Yard, Inc., (hereinafter "Crosby Yacht Yard") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 72 Crosby Circle, Osterville, MA 02655.

-2-

8.      Upon information and belief, at all relevant times hereto, Defendant, Crosby Yacht Yard owned and operated a boat repair and storage facility at 72 Crosby Circle, Osterville, MA 02655.

## JURISDICTION AND VENUE

9.      Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events at issue occurred within this district.

11.     The Plaintiffs' claims in this case are related to and arise out of the fire that is the subject matter of Ace American Ins. Co., et al v. Crosby Yacht Yard, Inc., et al, U.S.D.C. D.MA Civil Action No. 04 CV12252 and Standard Fire Ins. Co., et al v. Crosby Yacht Yard, Inc., et al., U.S.D.C. D.MA Civil Action No. 04 CV122544.

## STATEMENT OF THE FACTS

12.     At all times relevant hereto, defendant, Crosby Yacht Yard, owned and operated a yacht yard located at 72 Crosby Circle, Osterville, Massachusetts which was directly adjacent to the marina owned and operated by plaintiff, Oyster Harbors Marine.

13.     At all times relevant hereto, defendant, Crosby Yacht Yard, owned and operated the aforementioned premises as a boat maintenance, repair and storage facility.

14.     At all times relevant hereto, the defendant's business activities involved the use, handling and storage of hazardous, flammable, and/or combustible materials.

-3-

15.     Upon information and belief, these activities included paint spraying and spray booth operations.

16.     Upon information and belief, at all time relevant hereto, defendant, Crosby Yacht Yard, did not have in use automatic fire suppression equipment.

17.     Upon information and belief, at all times relevant hereto, Crosby Yacht Yard did not use, handle or store hazardous materials in the manner required by the applicable laws, codes and applicable regulations in violation of the orders of the Barnstable Fire Marshall.

18.     On or about December 10, 2003, a fire occurred at the aforementioned property of the defendant.

19.     The fire rapidly accelerated and spread to the adjacent premises owned by plaintiff, Oyster Harbors Marine.

20.     As a direct and proximate result of the fire, its acceleration, and its spread, Oyster Harbors Marine sustained substantial damage and destruction to their real and business personal property, damage to the property of others stored at the marina, extra expenses, business interruption, lost profits, and incidental and consequential damages in an amount in excess of Three Hundred Thousand Dollars ($300,000.00) for which the defendant is liable.

21.     At all times relevant hereto, Hanover's subrogor, Richard P. McCoy, maintained a policy of insurance (Policy No. PNN629193502) with Hanover and resided at 1 Industrial Drive, Windham, NH  03087.

-4-

22.    Richard P. McCoy owned a 1990 Crosby Canyon 30' HIN boat which he had delivered to defendant, Crosby Yacht Yard, prior to the fire, for storage during the winter 2003-2004. Delivered along with the boat were other items of personal property.

23.    As a direct and proximate result of the aforementioned fire, the 1990 Crosby Canyon 30' HIN boat of Hanover's insured, Richard P. McCoy, was destroyed along with other items of personal property which were contained on the boat.

24.    Pursuant to Plaintiff, Hanover's contract of insurance with its insured, Richard P. McCoy, Hanover has made payments to its insured in an amount in excess of Eighty Two Thousand, Five Hundred ($82,500.00) Dollars as a result whereof Hanover is subrogated to the extent of all payments made or to be made in the future, to the rights of its said insured and subrogor against all persons, companies and entities responsible for the occurrence of the said fire and resulting damages suffered by Richard P. McCoy.

25.    At all times relevant hereto, Plaintiff, Glens Falls' subrogors, Alfred & Helen Callahan, III, are adult individuals residing at 3428 Woodmont Boulevard, Nashville, TN 37215 who maintained a policy of insurance (Policy No. US005732099) with Glens Falls.

26.    At all times relevant hereto, Alfred & Helen Callahan, owned three vessels, a 1989 Boston Whaler, a 1993 Goetz Sailing Vessel/Wiano ("Stealth") and a Henry Elliot Beach Catamaran ("CAT2") which they had delivered to Crosby Yacht Yard prior to the fire, for storage during the winter. Delivered along with the boat were other items of personal property.

27.    As a direct and proximate result of the aforementioned fire of December 10, 2003, the 1989 Boston Whaler, the 1993 Goetz Sailing Vessel/Wiano ("Stealth") and the Henry Elliot

Beach Catamaran ("CAT2") of Alfred & Helen Callahan, III were substantially damaged and custom trailers for both the CAT2 and Stealth were completely destroyed.

28.     Pursuant to Glens Falls' contract of insurance with its insured, Alfred and Helen Callahan, III, Glens Falls has made payments to its insured in an amount equal to or in excess of Ninety Thousand, Two Hundred and Eighty ($90,280.00) Dollars as a result whereof Glens Falls is subrogated to the extent of all payments made or to be made in the future, to the rights of its said insured and subrogors against all persons, companies and entities responsible for the occurrence of the said fire and resulting damages suffered by its insureds Alfred and Helen Callahan, III.

## COUNT I - NEGLIGENCE
## OYSTER HARBORS MARINE BUSINESS TRUST, AS SUCCESSOR IN INTEREST TO OYSTER HARBORS MARINE, INC. V. CROSBY YACHT YARD, INC.

29.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 28 as though fully set forth herein at length.

30.     At all relevant times hereto, defendant, Crosby Yacht Yard, owed all adjacent premises owners, the local community, and its neighbors, including plaintiff, Oyster Harbors Marine, a duty to use ordinary diligence and reasonable care to utilize and maintain its premises in a manner that would not pose a reasonably foreseeable risk of danger to life and property.

31.     Defendant, Crosby Yacht Yard, breached its duty of care through its negligent, careless, reckless, grossly negligent and/or otherwise culpable acts and/or omissions which consisted, *inter alia,* of:

DOCS_PH 1689195v1

(a)   failing to maintain its property in a safe and reasonable condition;

(b)   failing to take sufficient measures to protect neighboring properties such as the plaintiff, Oyster Harbors Marine, from the risk of fire;

(c)   failing to comply with all applicable provisions of local, state and federal building codes, regulations, requirements and/or standards that govern fire and safety;

(d)   failing to comply with applicable local, state, and federal statutes, codes, regulations, ordinances, recommendations and generally recognized safety practices and standards, including but not limited to NFPA 303 and 527 C.M.R.14;

(e)   failing to comply with all applicable local, state and federal codes, statutes, regulations, ordinances and recommendations relating to fire safety, fire prevention, fire detection and fire suppression;

(f)   failing to establish adequate standards for the safe operation and management of their property;

(g)   failing to use reasonable care in providing adequate fire detection and suppression systems and equipment on the premises;

(h)   failing to exercise reasonable care in providing adequate ventilation systems for the paint spraying operations;

(i)   failing to use reasonable care in the manner in which it kept, stored and maintained the hazardous, flammable, and combustible supplies and materials on the Premises;

(j)   failing to institute and maintain adequate fire safety training, practices and procedures on the Premises;

(k)   failing to properly inspect and/or otherwise ensure that all flames and/or fire hazards were eliminated;

(l)   failing to follow basic and general precautions against fire established by local, state and federal standards, requirements and codes;

(m)   failing to warn plaintiff, Oyster Harbors Marine of the hazardous risk of fire posed by the ongoing operations and the hazardous and flammable materials stored at the defendant's property; and

(n)   failing to properly store hazardous and flammable materials which created a hazardous condition and risk of fire as well as its acceleration and rapid spread to plaintiff, Oyster Harbors Marine's premises.

32.    The aforesaid negligent, careless, reckless, grossly negligent and/or other liability producing acts and/or omissions of defendant, Crosby Yacht Yard, Inc. were the direct and proximate cause of the aforementioned fire, its acceleration and its spread, and as a result of which Oyster Harbors Marine sustained substantial damage and destruction to their real and business personal property, damage and/or destruction to boats, out boards and other personal property belonging to, and delivered there by boat owners for winter storage, service and/or repair, extra expenses, business interruption, and incidental and consequential damages in excess of Three Hundred Thousand ($300,000.00) Dollars.

**WHEREFORE,** Plaintiff, Oyster Harbors Marine Business Trust, as successor in interest to Oyster Harbors Marine, Inc. hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Three Hundred Thousand Dollars ($300,000.00) together with interest, costs, attorneys fees and such other damages as may properly be awarded by this Honorable Court.

## COUNT II – NEGLIGENCE-RES IPSA LOQUITOR
### OYSTER HARBORS MARINE BUSINESS TRUST, AS SUCCESSOR IN INTEREST TO OYSTER HARBORS MARINE, INC. V.  CROSBY YACHT YARD, INC.

33.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 32 as though fully set forth herein at length.

34.    On or about December 10, 2003, at the time of the Fire, the Crosby Marina was under the management and exclusive control of defendant, Crosby Yacht Yard.

35.    To date, there has been no explanation found as to the cause of the Fire.

36.    In the ordinary course of events, the Fire would not have occurred absent negligence on the part of Crosby Yacht Yard.

DOCS_PH 1689195v1

37.     As a result of the fire, plaintiff, Oyster Harbors Marine, suffered damages to its adjacent real and personal property, as well as the property of others stored upon its premises, extra expenses, business interruption,  and incidental and consequential damages in excess of Three Hundred Thousand Dollars ($300,000.00).

**WHEREFORE**, Plaintiff, Oyster Harbors Marine Business Trust, as successor in interest to, Oyster Harbors Marine, Inc. hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Three Hundred Thousand Dollars ($300,000.00) together with interest, costs, attorneys fees  and such other damages as may properly be awarded by this Honorable Court.

**COUNT III – VIOLATION OF M.G.L., C. 93A**
**OYSTER HARBORS MARINE BUSINESS TRUST, AS SUCCESSOR IN**
**INTEREST TO OYSTER HARBORS MARINE, INC. V.  CROSBY YACHT YARD, INC.**

38.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 37 as though fully set forth herein at length.

39.     At all relevant times prior to the fire on December 10, 2003, defendant Crosby Yacht Yard conducted various boat building and repair activities, including but not limited to, paint spraying operating within its premises.

40.     Upon information and belief, Crosby's business activities involved the use and storage of hazardous and/or flammable liquids and other flammable materials.

41.     Upon information and belief, prior to the Fire of December 10, 2003, defendant, Crosby Yacht Yard was in violation of numerous sections of the Code of Massachusetts Regulations, including but not limited to 527 C.M.R. 14 governing the use, handling and storage of hazardous, flammable and/or combustible materials at its premises.

42.    Upon information and belief, defendant, Crosby Yacht Yard violated said regulations by, *inter alia*, failing to properly store, handle and use said materials.

43.    The acts and omissions of defendant, Crosby Yacht Yard in failing to comply with applicable sections of the Code of Massachusetts Regulations constitutes an unfair and deceptive act or practice within the meaning of M.G.L., c. 93A, §§2 and 3 and 940 C.M.R. §3.16(3).

44.    As a result of the above-described unfair and deceptive acts or practices, plaintiff Oyster Harbors sustained damages as outlined in the preceding counts of this Complaint.

45.    Plaintiff, Oyster Harbors was among the class of persons for whose protection M.G.L., c. 93A, §§2 and 3 were enacted.

46.    The violations of M.G.L., c. 93A, §§2 and 3 were knowing and willful.

**WHEREFORE**, Plaintiff, Oyster Harbors Marine Business Trust, as successor in interest to, Oyster Harbors Marine, Inc. hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Three Hundred Thousand Dollars ($300,000.00) together with interest, costs, attorneys fees and such other damages as may properly be awarded by this Honorable Court.

## COUNT IV – NEGLIGENCE
## HANOVER INSURANCE COMPANY, AS SUBROGEE OF, RICHARD P. MCCOY V. CROSBY YACHT YARD, INC.

47.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 46 as though fully set forth herein at length.

48.    At all relevant times hereto, Crosby Yacht Yard, through its agents, servants and employees owed plaintiff, Hanover's insured, Richard P. McCoy, a duty to use ordinary

-10-

diligence and reasonable care in the storage and protection of Richard McCoy's 1990 Crosby Canyon 30' HIN boat.

49.    Defendant, Crosby Yacht Yard, also owed a duty of reasonable care in the operation and maintenance of its storage facilities and its boatyard to protect the boats and personal property of those, such as Plaintiff's insured, Richard P. McCoy whose property it was reasonably foreseeable might be harmed by a fire on the premises of Crosby Yacht Yard.

50.    Defendant, Crosby Yacht Yard, breached its duty of care through its negligent, careless, reckless, grossly negligent and/or otherwise culpable acts and/or omissions which consisted *inter alia* of:

   (a)    failing to use reasonable care in the manner in which it stored and protected personal property that was delivered into its care, control, custody and possession, including Mr. McCoy's 1990 Crosby Canyon 30' HIN boat.

   (b)    failing to maintain its property in a safe and reasonable condition;

   (c)    failing to take sufficient  measures to protect neighboring properties such as the plaintiff, Richard P. McCoy's boat from the risk of fire;

   (d)    failing to comply with all applicable provisions of local, state and federal building codes, regulations, requirements and/or standards that materially affect fire and safety;

   (e)    failing to comply with applicable local, state, and federal statutes, codes, regulations, ordinances and recommendations and generally recognized safety practices and standards, including but not limited to NFPA 303 and 527 C.M.R.14;

   (f)    failing to comply with all applicable local, state and federal codes, statutes, regulations, ordinances and recommendations relating to fire safety, fire prevention, fire detection and fire suppression;

   (g)    failing to establish adequate standards for the safe operation and management of their property;

(h)    failing to use reasonable care in providing adequate fire detection and suppression systems and equipment on the premises;

(i)    failing to exercise reasonable care in providing adequate ventilation systems for the paint spraying operations;

(j)    failing to use reasonable care in the manner in which it kept, stored and maintained the hazardous, flammable, and combustible supplies and materials on the Premises;

(k)    failing to institute and maintain adequate fire safety training, practices and procedures on the Premises;

(l)    failing to properly inspect and/or otherwise ensure that all flames and/or fire hazards were eliminated;

(m)    failing to follow basic and general precautions against fire established by local, state and federal standards, requirements and codes;

(n)    failing to warn plaintiff, Richard P. McCoy of the hazardous risk of fire posed by the ongoing operations and the hazardous and flammable materials stored at the defendant's property; and

(o)    failing to properly store hazardous and flammable materials which created a hazardous condition and risk of fire as well as its acceleration and rapid spread to plaintiff, Richard P. McCoy's property.

51.    Defendant, Crosby Yacht Yard could reasonably have expected Hanover's insured, Richard P. McCoy to be affected by the negligent storage and protection of his 1990 Crosby Canyon 30' HIN boat and other personal property delivered into its care.

52.    The aforesaid negligent, careless, reckless, and/or other liability producing acts and/or omissions of defendant, Crosby Yacht Yard, Inc. were the direct and proximate cause of the aforementioned fire and as a result of which the 1990 Crosby Canyon 30' HIN boat of Hanover's insured, Richard P. McCoy was completely destroyed along with certain other items of personal property which were contained on the boat.

53.    Pursuant to plaintiff, Hanover's contract of insurance with its insured, Richard P. McCoy, Hanover has made payments to its insured in an amount equal to or in excess of Eighty

Two Thousand, Five Hundred ($82,500.00) Dollars as a result whereof Hanover is subrogated to the extent of all payments made or to be made in the future, to the rights of its said insured and subrogor against all persons, companies and entities responsible for the occurrence of the said fire and resulting damages suffered by Richard P. McCoy.

WHEREFORE, Plaintiff, Hanover Insurance Company, as subrogee of, Richard P. McCoy hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Eighty Two Thousand, Five Hundred ($82,500.00) Dollars together with interest, costs, attorneys fees and such other damages as may properly be awarded by this Honorable Court.

**COUNT V – NEGLIGENCE-RES IPSA LOQUITOR**
**HANOVER INSURANCE COMPANY, AS SUBROGEE OF,**
**RICHARD P. MCCOY V.  CROSBY YACHT YARD, INC,**

54.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 53 as though fully set forth herein at length.

55.    On or about December 10, 2003, at the time of the Fire, the Crosby premises was under the management and exclusive control of defendant, Crosby Yacht Yard.

56.    At the time of the fire, Plaintiff, Hanover's insured, Richard McCoy's 1990 Crosby Canyon 30' HIN boat and other personal property was under the management, care, exclusive control of, and in the possession of defendant, Crosby Yacht Yard.

57.    To date, there has been no explanation found as to the cause of the Fire.

58.    In the ordinary course of events, the Fire would not have occurred absent negligence on the part of Crosby Yacht Yard.

59.    Plaintiff, Hanover's insured, Richard McCoy, suffered damages and/or destruction to his 1990 Crosby Canyon 30' HIN boat and other personal property as a result of the fire.

60.    Plaintiff, Hanover, made payments in excess of Eighty Two Thousand, Five Hundred ($82, 500.00) to its insured, Richard P. McCoy to compensate him for the damages caused to his personal property on the defendant, Crosby Yacht Yard's premises.

61.    Plaintiff, Hanover is subrogated to the rights of its insured, Richard P. McCoy to the extent of the payments made to him.

**WHEREFORE**, Plaintiff, Hanover Insurance Company, as subrogee of, Richard P. McCoy demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Eighty Two Thousand, Five Hundred ($82,500.00) Dollars together with interest, costs, attorneys fees and such other damages as may properly be awarded by this Honorable Court.

**COUNT VI – VIOLATION OF M.G.L., C. 93A
HANOVER INSURANCE COMPANY, AS SUBROGEE OF,
RICHARD P. MCCOY V.  CROSBY YACHT YARD, INC.**

62.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 61 as though fully set forth herein at length.

63.    At all relevant times prior to the Fire on December 10, 2003, defendant Crosby Yacht Yard conducted various boat building and repair activities within its premises.

64.    Upon information and belief, Crosby's business activities involved the use and storage of hazardous and/or flammable liquids and other flammable materials.

65.    Upon information and belief, prior to the Fire of December 10, 2003, defendant, Crosby Yacht Yard was in violation of numerous sections of the Code of Massachusetts

Regulations, including but not limited to 527 C.M.R. 14 governing the use, handling and storage of hazardous, flammable and/or combustible materials at its premises.

66.     Upon information and belief, defendant, Crosby Yacht Yard violated said regulations by, *inter alia*, failing to properly store, handle and use said materials.

67.     The acts and omissions of defendant, Crosby Yacht Yard in failing to comply with applicable sections of the Code of Massachusetts Regulations constitutes an unfair and deceptive act or practice within the meaning of M.G.L., c. 93A, §§2 and 3 and 940 C.M.R. §3.16(3).

68.     As a result of the above-described unfair and deceptive acts or practices, plaintiff, Hanover Insurance's insured, Richard P. McCoy sustained damages as outlined in the preceding counts of this Complaint.

69.     Hanover Insurance's insured, Richard P. McCoy was among the class of persons for whose protection M.G.L., c. 93A, §§2 and 3 were enacted.

70.     The violations of M.G.L., c. 93A, §§2 and 3 were knowing and willful.

**WHEREFORE**, Plaintiff, Hanover Insurance Company, as subrogee of, Richard P. McCoy hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Eighty Two Thousand, Five Hundred ($82,500.00) Dollars together with interest, costs, attorneys fees and such other damages as may properly be awarded by this Honorable Court.

## COUNT VII –BAILMENT
## HANOVER INSURANCE COMPANY, AS SUBROGEE OF,
## <u>RICHARD P. MCCOY V. CROSBY YACHT YARD, INC.</u>

71.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 70 as though fully set forth herein at length.

-15-

72.     Prior to the aforementioned fire, Plaintiff, Hanover Insurance Company's subrogor, Richard P. McCoy delivered his 1990 Crosby Canyon 30' HIN boat in trust to defendant, Crosby Yacht Yard for the specific purpose of winter storage during the winter of 2003-2004.

73.     The boat of Hanover's insured, Richard P. McCoy was delivered into the control of, and was accepted by, defendant, Crosby Yacht Yard. The boat and other personal property contained thereon, was to be returned to Mr. McCoy in the spring of 2004.

74.     After delivery to Crosby Yacht Yard, the boat and personal property of Richard McCoy was in the exclusive care, custody and control of Crosby Yacht Yard. During that period, Crosby Yacht Yard was a bailee of the boat and personal property.

75.     As a bailee, Crosby Yacht Yard owed a duty to return the boat and personal property to Richard McCoy in the same condition in which it was delivered.

76.     Crosby Yacht Yard breached the above-mentioned duty by not returning Mr. McCoy's boat and personal property in the condition in which it was delivered.

77.     Specifically, on or about December 10, 2003, while Richard McCoy's boat and personal properly as outlined above was in the exclusive care, custody and control of Crosby Yacht Yard or persons for whose actions Crosby Yacht Yard was legally responsible, the boat and other personal property was burned in a fire at the premises.

78.     The burning of the boat and personal property and resulting damage was due solely to the acts and/or omissions of Crosby Yacht Yard, its agents, servants, employees and subcontractors.

79.     The burning of the boat and personal property did not result, either in whole or in part, from any acts or omissions on the part of Hanover's insured, Richard P. McCoy.

80.    Plaintiff, Hanover's insured, Richard McCoy, suffered damages and/or destruction to his 1990 Crosby Canyon 30' HIN boat and other personal property as a result of the fire.

81.    Plaintiff, Hanover, made payments in excess of Eighty Two Thousand, Five Hundred ($82,500.00) to its insured, Richard P. McCoy to compensate him for the damages caused to his personal property on the defendant, Crosby Yacht Yard's premises.

82.    Plaintiff, Hanover is subrogated to the rights of its insured, Richard P. McCoy to the extent of the payments made to him.

**WHEREFORE**, Plaintiff, Hanover Insurance Company, as subrogee of, Richard P. McCoy hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Eighty Two Thousand, Five Hundred ($82,500.00) Dollars together with interest, costs, attorneys fees and such other damages as may properly be awarded by this Honorable Court.

**COUNT VIII – BREACH OF CONTRACT**
**HANOVER INSURANCE COMPANY, AS SUBROGEE OF,**
**RICHARD P. MCCOY V.  CROSBY YACHT YARD, INC.**

83.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 82 as though fully set forth herein at length.

84.    Upon information and belief, Defendant, Crosby Yacht Yard entered into an agreement with the plaintiff's insured, Richard P. McCoy, wherein, Crosby Yacht Yard, for good and valuable consideration agreed, to store Hanover's Insured's 1990 Crosby Canyon 30' HIN boat and other personal property for the 2003-2004 winter season.

-17-

85.     Defendant, Crosby Yacht Yard, breached its written contract by, *inter alia,* not storing the 1990 Crosby Canyon 30' HIN boat and other personal property in a safe manner.

86.     As a result of the aforesaid breach of contract, Hanover's insured, Richard McCoy, suffered damages and/or destruction to his 1990 Crosby Canyon 30' HIN boat and other personal property.

87.     Plaintiff, Hanover, made payments in excess of Eighty Two Thousand, Five Hundred ($82,500.00) to its insured, Richard P. McCoy to compensate him for the damages caused to his personal property on the defendant, Crosby Yacht Yard's premises.

88.     Plaintiff, Hanover is subrogated to the rights of its insured, Richard P. McCoy to the extent of the payments made to him.

**WHEREFORE**, Plaintiff, Hanover Insurance Company, as subrogee of, Richard P. McCoy hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Eighty Two Thousand, Five Hundred ($82,500.00) Dollars together with interest, costs, attorneys fees  and such other damages as may properly be awarded by this Honorable Court.

## COUNT IX – BREACH OF WARRANTY
## HANOVER INSURANCE COMPANY, AS SUBROGEE OF,
## RICHARD P. MCCOY V. CROSBY YACHT YARD, INC.

89.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 88 as though fully set forth herein at length.

90.     Crosby Yacht Yard was obligated to use a degree of skill adequate for the due performance of its undertaking to adequately store and keep the 1990 Crosby Canyon 30' HIN boat and other personal property of Richard P. McCoy until returned, and warranted that the boat

-18-

and personal property of Richard P. McCoy would be adequately stored and kept from harm until returned.

91.     Crosby Yacht Yard breached its obligations and warranties that the 1990 Crosby Canyon 30' HIN boat and other personal property of Richard P. McCoy would be adequately stored, and kept from harm until returned, in that, the boat and personal property were substantially damaged while in the control, custody, possession and care of Crosby Yacht Yard and could not be returned to Richard McCoy in the same condition as when delivered into the care and custody of Crosby Yacht Yard.

92.     Plaintiff, Hanover, made payments in excess of Eighty Two Thousand, Five Hundred ($82,500.00) to its insured, Richard P. McCoy to compensate him for the damages caused to his personal property on the defendant, Crosby Yacht Yard's premises.

93.     Plaintiff, Hanover is subrogated to the rights of its insured, Richard P. McCoy to the extent of the payments made to him.

**WHEREFORE**, Plaintiff, Hanover Insurance Company, as subrogee of, Richard P. McCoy hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Eighty Two Thousand, Five Hundred ($82,500.00) Dollars together with interest, costs, attorneys fees, and such other damages as may properly be awarded by this Honorable Court.

## COUNT X – NEGLIGENCE
### GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF, ALFRED AND HELEN CALLAHAN, III V. CROSBY YACHT YARD, INC.

94.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 93 as though fully set forth herein at length.

-19-

95.    At all relevant times hereto, Crosby Yacht Yard, through its agents, servants and employees owed plaintiff, Glens Falls' insured, Alfred & Helen Callahan, III, a duty to use ordinary diligence and reasonable care in the storage and protection of their 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto.

96.    Defendant, Crosby Yacht Yard also owed a duty of reasonable care in the operation and maintenance of its storage facilities and its boatyard to protect the boats and personal property of those, such as Plaintiff's insured, Alfred & Helen Callahan, III, whose property it was reasonably foreseeable might be harmed by a fire on the premises of Crosby Yacht Yard.

97.    Defendant, Crosby Yacht Yard, Inc. breached its duty of care through its negligent, careless, reckless, grossly negligent and/or otherwise culpable acts and/or omissions which consisted *inter alia* of:

(a)    failing to use reasonable care in the manner in which it stored and protected personal property that was delivered into its care, control, custody and possession, including plaintiff's insureds' 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto.

(b)    failing to maintain its property in a safe and reasonable condition;

(c)    failing to take sufficient  measures to protect property stored at the premises from the risk of fire;

(d)    failing to comply with all applicable provisions of local, state and federal building codes, regulations, requirements and/or standards governing fire and safety;

(e)    failing  to comply with applicable local, state, and federal statutes, codes, regulations, ordinances, recommendations and generally recognized safety

-20-

practices and standards, including but not limited to NFPA 303 and 527 C.M.R.14;

(f)    failing to comply with all applicable local, state and federal codes, statutes, regulations, ordinances and recommendations relating to fire safety, fire prevention, fire detection and fire suppression;

(g)    failing to establish adequate standards for the safe operation and management of their property;

(h)    failing to use reasonable care in providing adequate fire detection and suppression systems and equipment on the premises;

(i)    failing to exercise reasonable care in providing adequate ventilation systems for the paint spraying operations;

(j)    failing to use reasonable care in the manner in which it kept, stored and maintained the hazardous, flammable, and combustible supplies and materials on the Premises;

(k)    failing to institute and maintain adequate fire safety training, practices and procedures on the Premises;

(l)    failing to properly inspect and/or otherwise ensure that all flames and/or fire hazards were eliminated;

(m)    failing to follow basic and general precautions against fire established by local, state and federal standards, requirements and codes;

(n)    failing to warn plaintiff, Alfred & Helen Callahan, III of the hazardous risk of fire posed by the ongoing operations and the hazardous and flammable materials stored at the defendant's property; and

(o)    failing to properly store hazardous and flammable materials which created a hazardous condition and risk of fire, as well as the fire's acceleration and rapid spread to plaintiff, Alfred & Helen Callahan, III's property.

98.    Defendant, Crosby Yacht Yard could reasonably have expected Glens Falls' insureds, Alfred and Helen Callahan, III, to be affected by the negligent storage and protection of their 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano, ("Stealth") Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto delivered into its care.

99.    The aforesaid negligent, careless, reckless, and/or other liability producing acts and/or omissions of defendant, Crosby Yacht Yard, were the direct and proximate cause of the aforementioned fire and as a result of which the 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto, of Glens Falls' insureds, Alfred and Helen Callahan, III were completely destroyed.

100.    Pursuant to Glens Falls' contract of insurance with its insureds, Alfred and Helen Callahan, III, Glens Falls has made payments to its insureds in an amount equal to or in excess of Ninety Thousand, Two Hundred Eighty ($90, 280.00) Dollars as a result whereof Glens Falls is subrogated to the extent of all payments made or to be made in the future, to the rights of its said insureds and subrogors against all persons, companies and entities responsible for the occurrence of the said fire and resulting damages suffered by its insureds Alfred and Helen Callahan, III.

**WHEREFORE**, Plaintiff, Glens Falls Insurance Company, as subrogee of, Alfred and Helen Callahan, III hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Ninety Thousand, Two Hundred Eighty ($90, 280.00) Dollars together with interest, costs, attorneys fees, and such other damages as may properly be awarded by this Honorable Court.

### COUNT XI – NEGLIGENCE-RES IPSA LOQUITOR
### GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF,
### ALFRED AND HELEN CALLAHAN, III V. CROSBY YACHT YARD, INC.

101.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 100 as though fully set forth herein at length.

-22-

102.    On or about December 10, 2003, at the time of the Fire, the Crosby premises was under the management and exclusive control of defendant, Crosby Yacht Yard.

103.    At the time of the fire, Plaintiff, Glens Falls' insureds, Alfred and Helen Callahan, III's, 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto, were under the management, care, exclusive control of, and in the possession of defendant, Crosby Yacht Yard.

104.    To date, there has been no explanation found as to the cause of the Fire.

105.    In the ordinary course of events, the Fire would not have occurred absent negligence on the part of Crosby Yacht Yard.

106.    Plaintiff, Glens Falls' insureds, Alfred and Helen Callahan, III, suffered damages and/or destruction to their 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto, as a result of the fire.

107.    Plaintiff, Glens Falls, made payments in excess of Ninety Thousand, Two Hundred and Eighty Dollars ($90,280.00) to its insureds, Alfred and Helen Callahan, III to compensate them for the damages caused to their personal property on the defendant, Crosby Yacht Yard's premises.

108.    Plaintiff, Glens Falls is subrogated to the rights of its insured, Alfred and Helen Callahan, III to the extent of the payments made to them.

**WHEREFORE**, Plaintiff, Glens Falls Insurance Company, as subrogee of, Alfred and Helen Callahan, III hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Ninety Thousand, Two Hundred

-23-

Eighty ($90,280.00) Dollars together with interest, costs, attorneys fees and such other damages as may properly be awarded by this Honorable Court.

## COUNT XII – VIOLATION OF M.G.L., C. 93A
## GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF,
## ALFRED AND HELEN CALLAHAN, III  V.  CROSBY YACHT YARD, INC.

109.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 108 as though fully set forth herein at length.

110.   At all relevant times prior to the Fire on December 10, 2003, defendant Crosby Yacht Yard conducted various boat building and repair activities within its premises.

111.   Upon information and belief, Crosby's business activities involved the use and storage of hazardous and flammable liquids and other flammable materials.

112.   Upon information and belief, prior to the Fire of December 10, 2003, defendant, Crosby Yacht Yard was in violation of numerous sections of the Code of Massachusetts Regulations, including but not limited to 527 C.M.R. 14 governing the use, handling and storage of hazardous, flammable and/or combustible materials at its premises.

113.   Upon information and belief, defendant, Crosby Yacht Yard violated said regulations by, *inter alia*, failing to properly store, handle and use said materials.

114.   The acts and omissions of defendant, Crosby Yacht Yard in failing to comply with applicable sections of the Code of Massachusetts Regulations constitutes an unfair and deceptive act or practice within the meaning of M.G.L., c. 93A, §§2 and 3 and 940 C.M.R. §3.16(3).

115.   As a result of the above-described unfair and deceptive acts or practices, plaintiff Glens Falls' insureds, Alfred and Helen Callahan, III sustained damages as outlined in the preceding counts of this Complaint.

-24-

116.    Plaintiff, Glens Falls' insureds, Alfred and Helen Callahan, III were among the class of persons for whose protection M.G.L., c. 93A, §§2 and 3 were enacted.

117.    The violations of M.G.L., c. 93A, §§2 and 3 were knowing and willful.

**WHEREFORE**, Plaintiff, Glens Falls Insurance Company, as subrogee of, Alfred and Helen Callahan, III hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Ninety Thousand, Two Hundred Eighty ($90, 280.00) Dollars together with interest, costs, attorneys fees  and such other damages as may properly be awarded by this Honorable Court.

## COUNT XIII –BAILMENT
## GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF,
## ALFRED AND HELEN CALLAHAN, III  V.  CROSBY YACHT YARD, INC.

118.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 117 as though fully set forth herein at length.

119.    Prior to the aforementioned fire, Plaintiff, Glen Falls' subrogors, Alfred and Helen Callahan, III, delivered their 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto in trust to defendant, Crosby Yacht Yard for the specific purpose of winter storage during the winter of 2003-2004.

120.    The boats of  Alfred and Helen Callahan, III, were delivered into the control of, and were accepted by, defendant, Crosby Yacht Yard. The boats and other personal property were to be returned to the Callahan's in the spring of 2004.

121.    After delivery to Crosby Yacht Yard, the boats and personal property of Alfred and Helen Callahan, III, were in the exclusive care, custody and control of Crosby Yacht Yard. During that period, Crosby Yacht Yard was a bailee of the boats and personal property.

122.    As a bailee, Crosby Yacht Yard owed a duty to return the boats and personal property to Alfred and Helen Callahan, III, in the same condition in which they were delivered.

123.    Crosby Yacht Yard breached the above-mentioned duty by not returning the Callahan's boats and personal property in the condition in they were delivered.

124.    Specifically, on or about December 10, 2003, while Alfred and Helen Callahan, III's boats and personal properly as outlined above were in the exclusive care, custody and control of Crosby Yacht Yard or persons for whose actions Crosby Yacht Yard was legally responsible, the boats and other personal property were burned in a fire at the premises.

125.    The burning of the boats and personal property and resulting damage was due solely to the acts and/or omissions of Crosby Yacht Yard, its agents, servants, employees and subcontractors.

126.    The burning of the boats and personal property did not result, either in whole or in part, from any acts or omissions on the part of Glens Falls' insureds, Alfred and Helen Callahan, III.

127.    Plaintiff, Glens Falls' insureds, Alfred and Helen Callahan, III, suffered damages and/or destruction to their 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto as a result of the fire.

128.    Plaintiff, Glens Falls, made payments in excess of Ninety Thousand, Two Hundred Eighty ($90, 280.00) to its insureds, Alfred and Helen Callahan, III to compensate them

for the damages caused to their personal property on the defendant, Crosby Yacht Yard's premises.

129.    Plaintiff, Glens Falls is subrogated to the rights of its insureds, Alfred and Helen Callahan, III to the extent of the payments made to them.

130.    Demand has been made on Crosby Yacht Yard and its underwriters through counsel and thus far no payment has been received.

**WHEREFORE**, Plaintiff, Glens Falls Insurance Company, as subrogee of, Alfred and Helen Callahan, III hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Ninety Thousand, Two Hundred Eighty ($90,280.00) Dollars together with interest, costs, attorneys fees, and such other damages as may properly be awarded by this Honorable Court.

**COUNT XIV – BREACH OF CONTRACT**
**GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF,**
**ALFRED AND HELEN CALLAHAN, III  V.  CROSBY YACHT YARD, INC.**

131.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 130 as though fully set forth herein at length.

132.    Defendant, Crosby Yacht Yard, entered into an agreement with the plaintiff's insureds, Alfred and Helen Callahan, III, wherein, Crosby Yacht Yard, for good and valuable consideration agreed, to store their 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto, for the 2003-2004 winter season.

133.    Defendant, Crosby Yacht Yard, breached its written contract by, *inter alia,* not storing the 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto in a safe manner.

134.    As a result of the aforesaid breach of contract, Glens Falls' insureds, Alfred and Helen Callahan, III, suffered damages and/or destruction to their 1989 Boston Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and custom trailers attached thereto.

135.    Plaintiff, Glens Falls, made payments in excess of Ninety Thousand, Two Hundred Eighty ($90,280.00) to its insureds, Alfred and Helen Callahan, III to compensate them for the damages caused to their personal property on the defendant, Crosby Yacht Yard's premises.

136.    Plaintiff, Glens Falls is subrogated to the rights of its insureds, Alfred and Helen Callahan, III to the extent of the payments made to them.

**WHEREFORE**, Plaintiff, Glens Falls Insurance Company, as subrogee of, Alfred and Helen Callahan, III hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Ninety Thousand, Two Hundred Eighty ($90,280.00) Dollar together with interest, costs, attorney fees and such other damages as may properly be awarded by this Honorable Court.

-28-

## COUNT XV– BREACH OF WARRANTY
## GLENS FALLS INSURANCE COMPANY, AS SUBROGEE OF,
## <u>ALFRED AND HELEN CALLAHAN, III  V.  CROSBY YACHT YARD, INC.</u>

137.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

through 136 as though fully set forth herein at length.

138.    Crosby Yacht Yard was obligated to use a degree of skill adequate for the due

performance of its undertaking to adequately store and keep the 1989 Boston Whaler, 1993

Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2") boats and

custom trailers attached thereto, of Alfred and Helen Callahan, III  until returned, and warranted

that the boats and personal property of Alfred and Helen Callahan, III would be adequately

stored and kept from harm until returned.

139.    Crosby Yacht Yard breached its obligations and warranties that the 1989 Boston

Whaler, 1993 Goetz Sailing Vessel/Wiano ("Stealth"), Henry Elliot Beach Catamaran ("CAT2")

boats and custom trailers attached thereto, of Alfred and Helen Callahan, III would be adequately

stored, and kept from harm until returned in that the boats and personal property were

substantially damaged while in the control, custody, possession and care of Crosby Yacht Yard

and could not be returned to Alfred and Helen Callahan, III in the same condition as when

delivered into the care and custody of Crosby Yacht Yard.

140.    Plaintiff, Glens Falls, made payments in excess of Ninety Thousand, Two

Hundred Eighty ($90, 280.00) to its insureds, Alfred and Helen Callahan, III to compensate them

for the damages caused to their personal property on the defendant, Crosby Yacht Yard's

premises.

141.    Plaintiff, Glens Falls is subrogated to the rights of its insured, Alfred and Helen

Callahan, III to the extent of the payments made to them.

-29-

**WHEREFORE**, Plaintiff, Glens Falls Insurance Company, as subrogee of, Alfred and Helen Callahan, III hereby demands judgment in its favor and against defendant, Crosby Yacht Yard, Inc. for damages and losses in an amount in excess of Ninety Thousand, Two Hundred Eighty ($90, 280.00) Dollars together with interest, costs, attorneys fees and such other damages as may properly be awarded by this Honorable Court.

**MCDONOUGH, HACKING & LAVOIE, LLP**

By: _____
    Heather E. Davies, Esquire
    6 Beacon Street, Suite 815
    Boston, MA  02108
    Telephone (617) 367-0808
    Facsimile  (617) 367-8307

    Attorneys for Plaintiffs, Oyster
    Harbor Marine Business Trust,
    Hanover Insurance Company, and
    Glens Falls Insurance Company

Dated: _____

**OF COUNSEL:**

**WHITE AND WILLIAMS LLP**
Deborah A. Crinigan, Esquire
1800 One Liberty Place
Philadelphia, PA 19103
Telephone (215) 864-7194
Fax (215) 864-7123

Attorneys for Plaintiffs, Oyster Harbor Marine
Business Trust, and Hanover Insurance
Company

**WHITE AND WILLIAMS LLP**
David S. Huberman, Esquire
1800 One Liberty Place
Philadelphia, PA 19103
Telephone (215) 864-6344
Fax (215) 864-7123

Attorneys for Plaintiff, Glens Falls Insurance
Company

-31-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

1. Title of case (name of first party on each side only)   Oyster Harbors Marine Business Trust, as successor in interest to, Oyster Harbors Marine, Inc., et. al. v. Crosby Yacht Yard, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☐ | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ☑ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

Ace American Ins. Co., et. al. v. Crosby Yacht Yard, Inc., et. al., Civil Action No. 04 CV 12252 (See Attachment)

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

YES ☐   NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☐   NO ☑

A.  If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☐   Central Division ☐   Western Division ☐

B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

Eastern Division ☑   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐   NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Heather E. Davies

ADDRESS   McDonough, Hacking & Lavoie, LLP, 6 Beacon Street, Ste. 815, Boston, MA 02108

TELEPHONE NO.   (617) 367-3822

(Coversheetlocal.wpd - 10/17/02)

## ATTACHMENT

**3.**     (continued) Standard Fire Ins. Co., et. al. v. Crosby Yacht Yard, Inc., et. al., Civil Action No. 04 CV 122544

# CIVIL COVER SHEET

%JS 44   (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Oyster Harbors Marine Business Trust, as successor in interest to, Oyster Harbors Marine, Inc. (See attachment for full Plaintiffs' name)

**DEFENDANTS**

Crosby Yacht Yard, Inc.

**(b)** County of Residence of First Listed Plaintiff   Barnstable
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Barnstable
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Heather E. Davies, Esq., McDonough, Hacking & Lavoie, LLP, 6 Beacon Street, Ste. 815, Boston, MA 02108, (617) 367-0808 (See Attachment)

Attorneys (If Known)

Seth S. Holbrook, Esq., Holbrook & Murphy, 150 Federal Street, 12th Floor, Boston, MA 02110

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sec. 1332(a)(1)

Brief description of cause:
Damage to property in and adjacent to yacht yard owned/operated by Defendant due to Defendant's negligence.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE  Hon. William G. Young     DOCKET NUMBER  04 CV 12252 (See attached)

DATE
1/31/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE