# McDONOUGH, HACKING & LAVOIE, LLP

COUNSELLORS AT LAW
6 BEACON STREET, SUITE 815
BOSTON, MASSACHUSETTS 02108

---

website: www.mhnattys.com

Heather E. Davies, Esq.
Direct Dial: (617) 367-3822
email: hdavies@mhnattys.com

Telephone 617-367-0808
Facsimile 617-367-8307

March 10, 2005

Via Electronic Filing
Clerk's Office, Civil Division
U.S. District Court
for the District of Massachusetts
U.S. Courthouse
One Courthouse Way
Boston, MA 02110

Re: Oyster Harbors Marine Business Trust, as successor in interest to,
Oyster Harbors Marine, Inc. and
Hanover Insurance Company, as subrogee of Richard P. McCoy, and
Glens Falls Insurance Company, as subrogee of, Alfred & Helen Callahan, III
v. Crosby Yacht Yard
Civil Action No. 05 10203 WHY

Dear Sir/Madam:

Enclosed, for docketing and filing, please find the Defendant's, Crosby Yacht Yard, Waiver of Service of Summons with respect the above-captioned matter.

Thank you for your attention to this matter.

Very truly yours,

Heather E. Davies

HED/
Enclosures
Cc: Deborah A. Crinigan, Esq.
    Seth S. Holbrook, Esq.

## WAIVER OF SERVICE OF SUMMONS

TO:  Heather E. Davies, Esq., McDonough, Hacking & Lavoie, LLP, 6 Beacon Street, Suite 815, Boston, MA 02108

    I acknowledge receipt of your request that I waive service of a summons on behalf of my client, Crosby Yacht Yard, in the action of <u>Oyster Harbors Marine Business Trust, as successor in interest to, Oyster Harbors Marine, Inc. and Hanover Insurance Company, as subrogee of Richard P. McCoy, and Glens Falls Insurance Company, as subrogee of, Alfred & Helen Callahan, III v. Crosby Yacht Yard</u>, which case number is 05 10203 WGY in the United States District Court for the District of Massachusetts. I have also received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that my client, Crosby Yacht Yard, be served with judicial process in the manner provided by Rule 4.

    Crosby Yacht Yard will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against Crosby Yacht Yard if an answer or motion under Rule 12 is not served upon you within sixty (60) days after February 3, 2005.

3/7/05  
_____  
Date

_Seth S. Holbrook_  
Seth S. Holbrook, Esq.  
Attorney for Crosby Yacht Yard

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the untied States who, after being notified of an action and asked by a plaintiff located in the Untied States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in a improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.